UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCUS STYLES, *on behalf of himself, Nationwide FLSA Collective Plaintiffs and the Class*, <br><br> and <br><br> LINCSTON JONES, *on behalf of himself individually*, <br><br> Plaintiffs, <br><br> v. <br><br> CENTENE CORPORATION, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   No. 4:22 CV 603 RWS |

## MEMORANDUM AND ORDER

Plaintiffs Marcus Styles and Lincston Jones bring this wage and hour action against Defendants Centene Corporation, Centene Management Company, LLC, WellCare Health Plans, Inc., and Comprehensive Health Management, Inc. (collectively, "Centene"). Styles brings two claims on behalf of himself and other current and former employees of Centene. Jones brings a single claim on behalf of himself. Centene moves to dismiss Count III of Plaintiffs' second amended complaint pursuant to Rules 8(a)(2), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure. As discussed below, Centene's motion will be granted.

## BACKGROUND[1]

Centene operates a large healthcare enterprise that sells insurance products throughout the United States. Centene provides insurance products to approximately 1 in 15 Americans. Styles was hired by Centene in December 2019 to work as a benefits sales representative in Houston, Texas. Styles' employment with Centene ended in October 2021. Throughout his employment with Centene, Styles was paid "an hourly rate of $22.00 an hour capped at 80 hours, with no overtime pay, in addition to any commission[s] that he earned."

Plaintiffs allege that Centene maintained a policy of setting quotas for virtually every aspect of its business. For employees like Plaintiffs, who worked in sales, Centene's quotas included the number of enrollments in insurance packages (i.e., sales) that had to be obtained each quarter. Due to company pressure, and because it was often difficult to meet quotas while working only 40 hours in a week, Centene's salespersons frequently worked more than 40 hours. Styles, for instance, typically worked 20 to 30 hours of "overtime" per week.

Plaintiffs allege that Centene also had a policy of misclassifying its salespersons as outside salespersons exempt from overtime compensation. According to Plaintiffs, Centene began misclassifying its salespersons in March

---

[1] Centene does not move to dismiss Jones' individual claim, so the information in this section does not include facts alleged in Plaintiffs' second amended complaint that are specific to Jones.

2

2020 when state and local governments began instituting lockdowns due to COVID-19, which required outside salespersons to conduct all work from their home offices. During the government lockdowns, all sales activities occurred from a fixed location (a home office) that was not the customer's address. Plaintiffs allege that Centene's salespersons continued to work from their home offices even after the lockdowns because many of Centene's clients did not want to engage in face-to-face meetings. Plaintiffs claim that, as a result of Centene's policies, they and other salespersons were wrongly deprived of considerable overtime compensation.

Jones filed this wage and hour action on June 3, 2022, alleging that he had been underpaid by Centene. Jones brought the action on behalf of himself and all persons who, during the applicable limitations period, were similarly underpaid by Centene in violation of the protections afforded under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), the parties' contracts, the laws of equity, and the laws and regulations in Puerto Rico, the District of Columbia, and 41 states. After Centene filed a motion to dismiss, Plaintiffs filed an amended complaint, which replaced Jones with Styles as the named plaintiff for the putative collective and class claims and added a single claim on behalf of Jones individually.

Centene then filed another motion to dismiss, and a hearing on Centene's motion was held on January 18, 2023. At the hearing, issues regarding the sufficiency of Plaintiffs' amended complaint were identified, and Plaintiffs

3

represented that those issues could be addressed through additional factual allegations. Plaintiffs were granted leave to file a second amended complaint. Plaintiffs filed a second amended complaint, but they did not address the issues identified at the hearing. Instead, Plaintiffs removed a significant number of allegations and several claims. In their second amended complaint, Plaintiffs bring only three claims: (Count I) on behalf of Styles and putative collective plaintiffs for violations under the FLSA;[2] (Count II) on behalf of Jones for violations under the FLSA; and (Count III) on behalf of a putative nationwide class for violations of "applicable state wage and hour laws."[3] Centene moves to dismiss Count III pursuant to Rules 8(a)(2), 12(b)(1), and 12(b)(6).

## LEGAL STANDARD

Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[2] The putative collective is defined as "all non-managerial employees misclassified by [Centene] as exempt outside sales persons, who engaged or facilitated in the sales, consultation, enrollment and/or recertification of clients (including but not limited to all marketing sales associates, sales agents, consultant associates, benefit specialists, benefits consultants, and eligibility specialists throughout the United States) employed by [Centene] on or after the date that is three (3) years before parties' tolling agreement in this matter, which was fully executed on October 25, 2021."

[3] The putative class is defined as "all non-managerial employees misclassified by [Centene] as exempt outside salespersons, who engaged or facilitated in the sales, consultation, enrollment and/or recertification of clients (including but not limited to all marketing sales associates, sales agents, consultant associates, benefit specialists, benefits consultants, and eligibility specialists throughout the United States or individual subclasses thereof) employed by [Centene] in the three (3) years—or the relevant statutory period pursuant to each state's applicable laws of labor, laws—before the parties' tolling agreement in this matter, which was fully executed on October 25, 2021."

4

Rule 12(b)(1) allows a defendant to move to dismiss a claim for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  In ruling on a motion under Rule 12(b)(1), I must determine whether the defendant is making a "facial attack" or a "factual attack" on jurisdiction.  Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016).  When a defendant makes a facial attack, I must look only to "the face of the pleadings," and the plaintiff receives the benefit of Rule 12(b)(6)'s safeguards.  Id.  When a defendant makes a factual attack, on the other hand, I may consider "matters outside the pleadings," and the plaintiff does not receive the benefit of Rule 12(b)(6)'s safeguards.  Id.

Rule 12(b)(6) allows a defendant to test the legal sufficiency of the complaint.  In ruling on a motion under Rule 12(b)(6), I must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Hager v. Arkansas Dept. of Health, 735 F.3d 1009, 1013 (8th Cir. 2013).  I may not, however, "presume the truth of legal conclusions couched as factual allegations."  Id.  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need not provide "detailed factual allegations" but must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim is plausible on its face when the plaintiff pleads sufficient facts to allow me to draw "the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

## DISCUSSION

Centene's motion will be granted because Styles does not have standing to bring the claim in Count III. In Count III, Styles seeks to bring a claim for violations of "applicable state wage and hour laws," and he seeks to represent a nationwide class. Doc. 40 at ¶ 30. Styles alleges that Centene violated his and the putative class members' rights "by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due [to] a policy of misclassifying employees, *in violation of the state wage and labor laws outlined above*." Id. at ¶ 89 (emphasis added).[4] Styles alleges that, due to Centene's "state law violations," he and the putative class members are entitled to recover unpaid overtime compensation, damages for unreasonably delayed payments, statutory penalties, liquidated damages, and reasonable attorneys' fees and costs. Id. at ¶ 96.

The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). "The requirements for standing do not change in the class action context. A putative class action can proceed as long as one named

---

[4] The "applicable state wage and hour laws" include the laws of Alaska, Arizona, Arkansas, California, Colorado, Connecticut, the District of Columbia, Florida, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming. Doc. 40 at ¶ 6.

6

plaintiff has standing." In re SuperValu, Inc., 870 F.3d 763, 768 (8th Cir. 2017) (internal citation omitted).  To have standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, 578 U.S. at 338.  This standing inquiry "is not dispensed in gross." Town of Chester, N.Y. v. Laroe Estates, Inc., 581 U.S. 433, 439 (2017).  "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." Id. (internal quotation marks omitted); see also TransUnion LLC v. Ramirez, 141 S.Ct. 2190, 2208 (2021) ("[P]laintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek."); DaimlerChrysler Corp v. Cuno, 547 U.S. 332, 352 (2006) ("[A] plaintiff must demonstrate standing for each claim he seeks to press.").

Styles does not have standing to bring the claim in Count III because he does not allege that he was injured as a result of a state law violation.  As alleged in Plaintiffs' second amended complaint, the "applicable state wage and hour laws" do not include the laws of Texas, where Styles worked. Doc. 40 at ¶¶ 6 & 41.  Because Styles does not allege that he was injured as a result of a state law violation, he is not a member of the putative class in Count III, and he therefore lacks standing to bring the claim in Count III.  See Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 216 (1974) ("To have standing to sue as a class representative it is

essential that a plaintiff must be a part of that class[.]"); H&R Block, Inc. v. American Intern. Specialty Lines Ins. Co., 546 F.3d 937, 942 (8th Cir. 2008) ("[A] named plaintiff lacks standing to represent a purported class unless he or she became a member of the class."). For this reason, Centene's motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss Count III of Plaintiffs' second amended complaint [41] is **GRANTED**.

                                               _/s/ Rodney W. Sippel_
                                               RODNEY W. SIPPEL
                                               UNITED STATES DISTRICT JUDGE

Dated this 25th day of April 2023.